UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACY LEYKO,                              )
              Plaintiff,                  )
                                          )        No. 1:25-cv-864
v.                                        )
                                          )
                                          )        Honorable Paul L. Maloney
AMY MCCONNELL, *et al.*,                  )
              Defendants.                 )
_____ )

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION IN PART, DISMISSING PLAINTIFF'S COMPLAINT, AND DENYING MOTIONS

This matter comes before the Court on the Magistrate Judge's report and recommendation. (ECF No. 10). The Magistrate Judge recommended dismissing Plaintiff's complaint, (ECF No. 1), and denying motions for a temporary restraining order, (ECF No. 6), and for appointment of counsel, (ECF No. 7). The Magistrate Judge reasoned that the gravamen of Plaintiff's complaint was a challenge to her state court criminal conviction and she had not pled that the criminal proceedings had concluded in her favor, meaning that the claims were premature under *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff objected to the report and recommendation. (ECF No. 16). Plaintiff also moved to add additional plaintiffs, (ECF No. 11), clarify that Defendants were sued in their official and individual capacities, (ECF No. 12), and for alternate service of one of the Defendants, (ECF No. 18). Plaintiff's complaint alleges that both her state court criminal conviction and a family court proceeding terminating custody of two of her children caused her injury. Because *Heck* only makes the claims related to the criminal proceedings premature, the Court adopts the report

1

and recommendation in part. For the reasons explained below, the Court will dismiss the complaint because the elements relating to the criminal conviction are premature under *Heck* and the elements relating to the family court proceedings are barred under *Rooker-Feldman* doctrine. Plaintiff's other motions are rendered moot by dismissal of the complaint, (ECF Nos. 11, 12, 18), so those motions will be denied.

## I.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). An "objection does not oblige the district court to ignore the report and recommendation." *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012). Our Local Rules require any party objecting to a report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general).

When a plaintiff proceeds *in forma pauperis*, courts must dismiss a plaintiff's complaint if it fails to state a claim upon which relief can be granted. To survive this analysis,

"a complaint must contain sufficient factual matter, accepted as true" to plausibly suggest that the plaintiff is entitled to the relief requested. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facts "merely consistent with" the defendant's liability suggest only possibility, not plausibility, and thus fail this test. *Id.* In assessing whether the complaint contains sufficient factual matter, courts need only accept factual allegations as true and not legal conclusions or unwarranted inferences. *Kottmayer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). Complaints from *pro se* plaintiffs must be read indulgently. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## II.

Plaintiff alleges that three of the Defendants fabricated evidence for use in state court proceedings.[1] Plaintiff alleges her criminal conviction for third-degree child abuse involved the use of "coerced and knowingly false statements." (ECF No. 1, ¶ 9). She also alleges that her custody over two of her children was terminated in a family court proceeding "based on false testimony, manufactured evidence, and retaliatory acts by state actors." (*Id.*, ¶ 8). As a result, Plaintiff claims she was "wrongfully convicted," (*id.*, ¶ 12), and suffered "severe emotional, reputational, and familial harm," (*id.*, ¶ 14).

## III.

There are two proceedings about which Plaintiff makes claims, each of which are connected to harms Plaintiff alleges. She claims that her criminal conviction caused her harm and that the family court's termination of her custody caused her harm. The claims

---

[1] A state court judge, Hon. Kenneth Tacoma, is named in the complaint, but the complaint contains no allegations against him.

connected to the criminal proceeding are barred by *Heck*, and the claims related to the family court proceeding are barred by *Rooker-Feldman* doctrine.

### A.  Plaintiff's Claims Related to Her Criminal Conviction Are Barred By *Heck*.

Any suit under 42 United States Code § 1983 which necessarily implies the invalidity of a conviction or sentence is premature "until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 489. This also applies to fabricated evidence claims: those claims do not accrue until "the criminal proceeding has ended in the defendant's favor, or a resulting conviction has been invalidated within the meaning of *Heck*." *McDonough v. Smith*, 588 U.S. 109, 119 (2019). In addition to the *Heck* issue, malicious prosecution claims have favorable termination as an explicit element. *France v. Lucas*, 836 F.3d 612, 625 (6th Cir. 2016).

Here, Plaintiff alleges that she suffered harm from her "wrongful conviction" and collateral consequences of it. (ECF No. 1, ¶ 12). The complaint does not contain any factual allegations suggesting that she suffered harm traceable to the Defendants' conduct in regard to her criminal proceeding other than the consequences of the conviction itself. Plaintiff, in her first objection to the report and recommendation, argues that fabrication of evidence is itself a distinct constitutional tort which does not necessarily imply the invalidity of her conviction. Fabrication of evidence claims, though, do necessarily imply the invalidity of a conviction, as successful claim demonstrates that the defendant was not given a fair trial and there is a reasonable likelihood that the fabricated evidence affected the outcome. *U.S. v. Lochmondy*, 890 F.2d 817, 822 (6th Cir. 1989); *see Napue v. Illinois*, 360 U.S. 264, 269 (1959) (explaining that "a State may not knowingly use false evidence, including false

4

testimony, to obtain a tainted conviction"). Additionally, the only harms alleged related to the criminal conviction flow directly from it rather than Defendants' alleged conduct. Plaintiff's first objection is thus overruled.

In her second objection, Plaintiff argues that *Heck* does not apply because she is no longer in custody. The Sixth Circuit has not recognized "a broad *Heck* exception for all former prisoners." *Powers v. Hamilton Cnty. Pub. Def. Comm'n*, 501 F.3d 592 (6th Cir. 2007). The exception potentially applicable in this Circuit is if the plaintiff's incarceration was so short as to make obtaining habeas relief impossible; in *Powers*, the period of incarceration was one day. *Id.* at 603. Plaintiff has not argued and the facts pled so far do not establish that she fits in this exception. This objection is also overruled.

Plaintiff also claims in her second objection that *Heck* is not relevant to the claims arising from the separate family court proceedings that terminated her custody of her children. This is accurate, in that *Heck* only applies when a claim necessarily invalidates a criminal proceeding. However, the Court will dismiss the complaint because the claims related to the family court proceeding are barred for other reasons.

## B.  Plaintiff's Claims Related to the Family Court Proceeding are Barred by *Rooker-Feldman* Doctrine.

Under the *Rooker-Feldman* doctrine, United States District Courts lack subject-matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The key question is the source of the injury:

"[i]f the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006).

Here, Plaintiff alleges injury stemming from the state court's decision terminating custody over two of her children. She does not allege any injury stemming from Defendants' activities in the family court proceeding other than the family court decision and its effects. This Court is thus required to reject the invitation to "review and reverse [an] unfavorable state-court judgment[]." *Exxon Mobil Corp.*, 544 U.S. at 283.

### C. Plaintiff's Remaining Objections Do Not Alter These Conclusions.

Plaintiff argues in her third objection that judgments obtained through fabrication and coercion are void. The legal authority Plaintiff cites does not say this. *See Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944). Instead, it relates to courts' ability to reconsider their own decisions upon the revelation of fraudulent evidence. *See id.* at 248-50. It does not affect the application of either *Heck* or *Rooker-Feldman*. This objection is overruled.

Plaintiff argues in her fourth objection that her substantive due process rights were violated by the family court's termination of her custody. This illustrates the *Rooker-Feldman* problem rather than refuting it; if the claims under the Fourteenth Amendment's Due Process Clause are substantive, relating to the loss of custody, then the harm necessarily flows from the state court judgment itself. This argument also has no effect on the *Heck* issue. This objection is thus overruled.

Plaintiff argues in her fifth objection that Wexford County, which is not a defendant in this case, violated the Equal Protection Clause of the Fourteenth Amendment. There is no claim based on the Equal Protection Clause in the complaint. This objection is overruled.

Plaintiff argues in her sixth objection that she continues to suffer injuries because she was placed on Michigan's Central Registry as a result of her criminal conviction. Her only objection to her placement on the Central Registry, though, is that her conviction was invalid, raising the *Heck* problem. This objection is also overruled.

## IV.

Because the Magistrate Judge correctly determined that Plaintiff's claims related to her state criminal conviction were barred by *Heck*, the report and recommendation (ECF No. 10) is **ADOPTED IN PART**. Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** because she does not yet have causes of action related to her criminal conviction and the Court lacks jurisdiction to consider challenges to the family court ruling under *Rooker-Feldman* doctrine. Plaintiff's motion for a temporary restraining order, (ECF No. 6), and motion to appoint counsel, (ECF No. 7), are **DENIED**. Plaintiff's motion to amend, (ECF No. 11), motion to clarify, (ECF No. 12), and motion for alternative service, (ECF No. 18), are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Date:   October 3, 2025                                   /s/ Paul L. Maloney
                                                         Paul L. Maloney
                                                         United States District Judge